UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

CASE NO.: 13-

PATRICIA BRUNER
a/k/a PATRICIA M. BRUNER
a/k/a PATRICIA H. BRUNER,

    Debtor.
_____/

**DEBTOR'S PLAN UNDER CHAPTER 13**

    The Debtor, PATRICIA BRUNER a/k/a PATRICIA M. BRUNER a/k/a PATRICIA H. BRUNER, hereby submits the following Chapter 13 Plan:

    The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and the Debtors shall pay to the Trustee the sum of $1,188.00 per month for a period of 60 months. The fees and expenses of the **Trustee** shall be paid over the life of the plan at the rate of 10% of the amount of all payments under the Plan.

    From the payments so received, the Trustee shall make disbursements as follows:

1)    **J. HERBERT WILLIAMS, ATTORNEY FOR DEBTOR**
    J. Herbert Williams, attorney for Debtors has a claim for attorney fees in the amount of $1,500.00:

Monthly payment:
Plan months:  1 - 14    Amount:  $104.00
Plan month:   15    Amount:  $44.00


2)    **INTERNAL REVENUE SERVICE**
    Internal Revenue Service has a priority claim for income taxes for the tax year 2010 in the amount of $1,032.00.

Monthly payment:
Plan month:   15    Amount:  $60.00
Plan months:  16 - 27    Amount:  $75.00
Plan month:   28    Amount:  $72.00

3) **CAMPUS USA CREDIT UNION**
   **ACCT. #:...-0543**

Total Claim in the amount of approximately $163,542.49. Debtor will de-accelerate the note and mortgage and reinstate them on the terms set forth herein. The plan proposes a modified payment to the creditor whereby the arrearage is tacked on to the end of the loan or forgiven. Sixty (60) days following the filing of the mediator's report the debtor shall either modify to pay this claim as filed, or modify to pay the modified mortgage payment if different than what is being paid under the plan or modify to surrender the property. If debtor does not move to modify the plan within 60 days, creditor may request relief from the automatic stay under the local rules' procedure using negative notice.

Regular monthly payment:
Plan months:   1 - 60         Amount:  $965.00 (estimated payment is the lesser of 31% of gross income or the amount pursuant to the terms of the note)

4) **DISTRIBUTION TO UNSECURED CREDITORS:**
    After payment of claims listed above the Trustee shall distribute all remaining sums pro rata among those unsecured creditors whose claims are timely filed and allowed, including secured creditors who have deficiency claims or whose liens have been avoided. Where collateral is being surrendered in full satisfaction of the claim the trustee will make no distribution on the creditor's claim.

5) **POST-PETITION CLAIMS** allowed under 11 U.S.C. §1305 shall be paid in full in equal monthly installments, which installments commence on the date of the allowance of said claim and conclude on the last payment under the Plan.

6) **OTHER PROVISIONS**

    A.    To satisfy the requirements of Section 365 of the Bankruptcy Code, debtor expressly assumes all of his/her leases and executory contracts in which he/she is now a party and no lease or executory contract entered into by debtor is being rejected. Payments to lessors will be paid directly and there shall be no reduction in the Chapter 13 plan payment for these direct payments.

    B.    Title to all property of the estate shall revest in the Debtor upon confirmation of this plan.

    C.    All creditors shall retain their liens to the extent permitted by 11 U.S.C. Section 506(d).

    D.    Any claims filed after the claims bar date shall receive no distribution under this Plan unless specifically provided for above or unless debtor files the same on behalf of a creditor.

E. Upon confirmation of this plan by the Court, the debtor will be deemed to have complied with all his/her required duties to provide or file all of the information required under 11 U.S.C. Section 521 subsections (a)(1), (b), (c), (e) and (i).

F. Confirmation of the plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do all of the following:

1. To apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages. For the purposes of this plan, the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.

2. To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the prepetition default or defaults.

3. To apply the direct post-petition monthly mortgage payments paid by the trustee or by the Debtor to the month in which each payment was designated to be made under the plan or directly by the Debtor, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account.

4. Any post-petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtor's completion of the plan, unless specifically provided for in the confirmation order, or by further order of the Court on motion filed prior to completion of the plan.

DATED this 19th day of August, 2013.

J. HERBERT WILLIAMS, P.A.

BY:   */s/ J. HERBERT WILLIAMS*
      J. HERBERT WILLIAMS
      702 S. MAGNOLIA AVENUE
      SUITE 2
      OCALA, FLORIDA  34471-0987
      (352) 629-6000
      FAX (352) 387-1694
      Florida Bar No. 0604471
      Attorney for Debtor